**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

WILFRED PLATTA,

      Applicant,

v.                                                                                            Civil No. 07-264 RB/RHS

JAMES JANECKA, et al.,

      Respondents.

**MAGISTRATE JUDGE'S PROPOSED FINDINGS
AND RECOMMENDED DISPOSITION**

    1.  THIS MATTER is before the Court on Applicant Wilfred Platta's Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 by a Person in State Custody ("Petition"), filed March 19, 2007 **[Doc. No. 1]**, Addendum to Submitted Writ of Habeas Corpus ("Addendum"), filed June 4, 2007 **[Doc. No. 9]**, and Respondents' Amended Supplemental Answer ("Supplemental Answer"), filed February 13, 2008 **[Doc. No. 12]**.  Applicant is confined pursuant to the Judgment and Sentence [Commitment to Penitentiary] ("Judgment") of the Twelfth Judicial District of the County of Otero, following his plea of no contest to two counts of Criminal Sexual Penetration in the Second Degree (2d degree felony) and one count of Bribery of a Witness (3d degree felony).  (See Judgment, Ex. A to Answer, filed Apr. 23, 2007 **[Doc. No. 7]**)[1].  Applicant is incarcerated and is proceeding *pro se*.

    2.  Applicant Platta alleges two claims for relief in his Petition:

        (1) Ineffective assistance of trial counsel; and

        (2) Violation of due process based on the failure to use an Apache translator.

---

[1] Unless otherwise noted, all references to exhibits are those attached to Respondents' Answer.

3. Respondents concede that Applicant has exhausted these two claims in the New Mexico state courts. However, Applicant subsequently filed an Addendum, in which he raised a third claim: (3) Ineffective assistance of state habeas counsel. Respondents contend that because Applicant has not presented this claim to the New Mexico state courts for review, it is not exhausted.[2]

4. Under the doctrine of exhaustion, a state prisoner must generally exhaust available state court remedies before filing a habeas corpus action in federal court. See Picard v. Connor, 404 U.S. 270, 275 (1971); Hernandez v. Starbuck, 69 F.3d 1089, 1092-93 (10th Cir. 1995). The exhaustion doctrine requires a state prisoner to fairly present his claims to the state courts before a federal court will examine them. Picard, 404 U.S. at 275. Here, the New Mexico state courts have not been fairly presented with an opportunity to consider the newly raised claim alleged in Applicant's Addendum. Thus, Applicant has failed to exhaust Claim Three.

5. The presence of Claim Three raised in Applicant's Addendum presents a "mixed petition" of exhausted and unexhausted claims to this Court. A petition containing an unexhausted claim is subject to dismissal. Rose v. Lundy, 455 U.S. 509, 520-21 (1982).[3] "The Tenth Circuit has held specifically that a district court must dismiss an entire mixed petition rather than dismissing only the unexhausted claims." Aragon v. Shanks,185 F.3d 873, 1999 WL 448815 (10th Cir. Jul. 2, 1999) (unpublished table decision) (citing Harris v. Champion, 48 F.3d 1127, 1131, 1133 (10th Cir.1995) (disapproving dismissal of unexhausted claims only and

---

[2] Respondents state that Applicant may raise this claim in the New Mexico state courts pursuant to Rule 5-802 NMRA.

[3] The Court declines to exercise its discretion to examine the merits of Applicant's unexhausted claim as provided for in section 2254(b)(2).

clarifying that "a court cannot adjudicate the exhausted claims in a mixed petition unless the petitioner amends the petition to delete the unexhausted claim")).

6. Because Applicant Platta's petition contains both exhausted and unexhausted claims, the entire petition should be dismissed without prejudice so that Applicant will have the opportunity to pursue the unexhausted claim in state court. Consequently, Applicant Platta has a choice to make. He may choose to proceed with Claims One and Two contained in his Petition/Addendum, and risk losing the opportunity to present the unexhausted Claim Three contained in his Addendum at a later date. See Tapia v. LeMaster, 172 F.3d 1193, 1195 (10th Cir. 1999) (explaining that a petitioner who opts to have only exhausted claims heard is considered to have abandoned the unexhausted claims, and a subsequent petition containing those claims will be barred as a successive petition if he is unable to meet the requirements for filing another petition) (citing Rose, 455 U.S. 509 (1982)). Or, Applicant Platta may choose to pursue Claim Three in state court, thus delaying his habeas petition altogether and bearing in mind that the one-year statute of limitation still applies to all of the claims in his Petition, including those that have been exhausted. See Rose, 455 U.S. at 521(cited in Clark v. Tansy, 13 F.3d 1407, 1409 (10th Cir. 1993)).

7. If Applicant wishes to proceed with his Petition solely on Claims One and Two, he may so notify the Court within the ten (10) day period allotted for the filing of objections to these proposed findings, in order to avoid re-filing his petition following an order of dismissal. If Applicant does not notify the Court that he wishes to withdraw Claim Three and proceed with his remaining claims, his Petition will be dismissed without prejudice to allow Applicant to pursue his unexhausted claim in state court.

**Recommendation**

It is respectfully recommended that this civil proceeding be dismissed without prejudice on grounds of nonexhaustion of claims.

Within ten (10) days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to 28 U.S.C. ¶ 636(b)(1), file written objections to such proposed findings and recommendations.  A party must file any objections within the ten (10) day period allowed if that party wants to have appellate review of the proposed findings and recommendations.  If no objections are filed, no appellate review will be allowed.

*Robert Hayes Scott*
ROBERT HAYES SCOTT
UNITED STATES MAGISTRATE JUDGE