IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

WILFRED PLATTA,

       Applicant,

v.                                                                       Civil No. 07-264 RB/RHS

JAMES JANECKA, et al.,

       Respondents.

## MAGISTRATE JUDGE'S AMENDED
## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

     1. THIS MATTER is before the Court on Applicant Wilfred Platta's Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 by a Person in State Custody, filed March 19, 2007 **[Doc. No. 1]** and Addendum to Submitted Writ of Habeas Corpus, filed June 4, 2007 **[Doc. No. 9]**, (together "§ 2254 petition"). Applicant is confined pursuant to the Judgment and Sentence [Commitment to Penitentiary] ("Judgment") of the Twelfth Judicial District of the County of Otero, following his plea of no contest to two counts of Criminal Sexual Penetration in the Second Degree (2d degree felony) and one count of Bribery of a Witness (3d degree felony). (See Judgment, Ex. A to Answer, filed Apr. 23, 2007 **[Doc. No. 7]**)[1]. The state court sentenced Mr. Platta to "a total period of incarceration of 21 years . . . . [to be followed by] a two (2) year mandatory parole." (Judgment at 2).

     2. On March 20, 2002, Mr. Platta filed a motion for reconsideration of his sentence, which was denied by the state district court on April 1, 2002. (Exs. D, E). On April 26, 2002, Mr. Platta filed a petition for writ of state habeas corpus, which was summarily denied by the state district court on May 6, 2002. (Exs. F, G). A second motion for reconsideration of

---

     [1]Unless otherwise noted, all references to exhibits are those attached to Respondents' Answer.

sentencing was filed on June 28, 2002 and denied on August 15, 2002. (Exs. H, J).

    3. On July 10, 2002, Mr. Platta filed a *pro se* motion to correct an illegal sentence (Ex. I). In an order filed on August 15, 2002, the state district court construed this motion as a petition for writ of habeas corpus, appointed counsel for Mr. Platta, and directed that a response to the petition be submitted. (Ex. J). On October 11, 2006, a hearing was held on the merits of Mr. Platta's petition for writ of habeas corpus in the state district court. (See Tape Log for "Merits on Habeas", dated 10/11/2006, contained in Record Proper). On October 16, 2006, the state district court denied Mr. Platta's petition for a writ of habeas corpus. (Ex. L). On November 15 and November 20, 2006, Petitioner filed petitions for certiorari seeking review in the Supreme Court of the State of New Mexico (Exs. N, O), which were summarily denied on December 8, 2006 (Ex. P).

    4. Applicant Platta, who is incarcerated and proceeding *pro se*, alleges two claims for relief in his § 2254 petition[2]:

        (1) Ineffective assistance of trial counsel; and

        (2) Violation of due process based on the failure to use an Apache translator.

Respondents contend that Applicant's claims were decided on the merits by the state courts and that Applicant does not show that the state court judgment and sentence are in violation of any federal constitutional right in accordance with 28 U.S.C. § 2254.

    5. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides that an application for a writ of habeas corpus "shall not be granted with respect to any claim that was adjudicated on the merits in the State court proceedings unless the adjudication of the claim-

---

[2] Applicant elected to withdraw an unexhausted third claim to avoid dismissal of his entire § 2254 petition as mixed and to proceed in this Court solely on his remaining two claims. (See **[Doc. Nos. 16, 17]**).

(1) resulted in a decision that was *contrary to, or involved an unreasonable application of, clearly established Federal law*,[3] as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an *unreasonable determination of the facts*[4] in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d) (emphasis added)." House v. Hatch, 527 F.3d 1010, 1015 (10th Cir. 2008). If the state court did not reach the merits of a claim, and the claim is not otherwise procedurally barred, AEDPA deference does not apply and the federal district court addresses the claim *de novo*. Gipson v. Jordan, 376 F.3d 1193, 1196 (10th Cir. 2004) (citing Aycox v. Lytle, 196 F.3d 1174, 1177 (10th Cir. 1999).[5]

### Claim I - Ineffective Assistance of Counsel

6. In considering a habeas petition after a conviction upon a plea has become final, "the inquiry is ordinarily confined to whether the underlying plea was both counseled and voluntary." United States v. Broce, 488 U.S. 563, 569 (1989). Accordingly, only those ineffective assistance claims that would render Applicant's plea involuntary remain following his no contest plea. To succeed on a claim of ineffective assistance of counsel, Applicant must show that his attorney's performance was both constitutionally deficient and prejudicial. See Strickland v. Washington,

---

[3]"AEDPA's conception of objective unreasonableness lies 'somewhere between *clearly* erroneous and unreasonable to all reasonable jurists.'" House v. Hatch, 527 F.3d 1010, 1019 (10th Cir. 2008) (quoting Maynard v. Boone, 468 F.3d 665, 670 (10th Cir. 2006)).

[4]The "determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence."  § 2254(e)(1).

[5]The Tenth Circuit has held that a state court reaches a decision on the merits where "there is no indication suggesting that the state court did *not* reach the merits of a claim, . . . even when it fails either to mention the federal basis for the claim or cite any state or federal law in support of its conclusion." Id. (citing Aycox, 196 F.3d at 1177).

466 U.S. 668, 690-91 (1984).  In order to satisfy the prejudice prong in this case, Applicant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, he would not have pleaded guilty and insisted on going to trial."  Hill v. Lockhart, 474 U.S. 52, 59 (1985).

7.  Applicant apparently contends that his plea was not voluntarily because counsel told him that his sentence would be reduced by 50%, when in fact, Applicant was required by statute to serve at least 85% of his sentence.  Applicant alleges that he "would never have taken the plea agreement if he knew he would have to serve 85%" of his sentence.  (Petition at hand-numbered 6(b) (emphasis in original)).  Although voluntariness of a plea involves a question of law, the conclusion rests on factual findings.  See Parke v. Raley, 506 U.S. 20, 35 (1992).  Thus, any findings of fact made by the state court regarding the voluntariness of Applicant's plea carry a presumption of correctness.  Cunningham v. Diesslin, 92 F.3d 1054, 1060 (10th Cir. 1996).

8.  In denying the state habeas petition, the state court found that Mr. Platta had been advised as to "the full range of potential sentences" at the plea hearing, that Mr. Platta "knew that he was facing at least 21 years incarceration[,]" and that defense counsel's reference to Mr. Platta "receiving a six or seven year sentence was an expression of what the attorney hoped to obtain at sentencing and not a promise . . . ."  (Ex. L).  The state court found that Mr. Platta's plea was knowing, voluntary and intelligent.  (Ex. L).  Finally, the state court concluded that "whether or not [Mr. Platta] was advised or knew about the possibility of decreased good time (85% of serious violent offenses) is not relevant as that is a collateral consequence which is out of the Court's hands."  (Ex. L).  The state court's decision was neither contrary to, or involved an unreasonable application of, clearly established Federal law, nor based on an unreasonable determination of the facts in light of the evidence presented.

9.  This Court notes that the plea proceeding form and the plea agreement support a

4

conclusion that Mr. Platta's plea was knowingly and voluntarily made. Based on Mr. Platta's averments, the state court made factual determinations that Mr. Platta understood the range of possible sentences (from probation to 28 years), the nature of the charges, the rights he was waiving, and that a factual basis for the plea existed. (Exs. B, C). The state court explicitly found that Mr. Platta's plea was "not the result of force, pressure, coercion, or threats, or promises." (Ex. B at 4 ¶ 11). As noted above, these findings of fact are presumed correct unless Applicant rebuts the presumption of correctness by clear and convincing evidence. Applicant has failed to do so.

     10. Moreover, having reviewed the audiotapes of Mr. Platta's plea hearing, sentencing hearing and evidentiary hearing on his state habeas petition, this Court would reach the same conclusion on a *de novo* review of Applicant's ineffective assistance claim. Even assuming that counsel's performance was deficient, Applicant fails to demonstrate that he was prejudiced by such conduct. The Court is not persuaded by Applicant's conclusory allegation that he would have rejected the plea and insisted on trial had he known about the "85% statute." Applicant does not contend that the statute applies only to sentences pursuant to plea-based convictions. Moreover, it seems unlikely that Applicant would have rejected the plea in favor of proceeding to trial where he would potentially face two additional charges and substantial evidence against him, including a confession. For all the reasons discussed above, the Court concludes that relief on the basis of Claim I should be denied.

### Claim II - Failure to Use Apache Translator

     11. Applicant apparently alleges that his plea was not knowing and voluntary because the State failed to use an Apache translator. It is not entirely clear to the Court whether this claim was exhausted in the state court proceedings. However, to the extent that this claim was raised in and denied by a state court, this Court concludes that such a decision was neither

contrary to, or involved an unreasonable application of, clearly established Federal law, nor based on an unreasonable determination of the facts in light of the evidence presented. The record reflects that on more than one occasion, the state district court explicitly found that Mr. Platta understood the nature of the proceedings. Having reviewed the audiotapes of the plea hearing, sentencing hearing and evidentiary hearing on the state habeas petition, this Court heard nothing indicating that Mr. Platta was unable to understand, communicate or participate in the proceedings without a translator. This Court would reach the same conclusion on this claim whether applying AEDPA deference or addressing Applicant's claim *de novo*. Accordingly, the Court concludes that relief on the basis of Claim II should be denied.

## Recommendation

The Court respectfully recommends that Mr. Platta's § 2254 petition be denied and that this civil proceeding be dismissed with prejudice.

Within fourteen (14) days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to 28 U.S.C. ¶ 636(b)(1), file written objections to such proposed findings and recommendations. A party must file any objections within the fourteen (14) day period allowed if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

_Robert Hayes Scott_
ROBERT HAYES SCOTT
UNITED STATES MAGISTRATE JUDGE